# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARLIE CALVIN HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-140 |
| | ) | |
| HILTON SAVANNAH DESOTO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Marshal has both forwarded a request for waiver of service and personally served the named defendant, yet it has not responded. (Doc. 12.) The Court suspects that plaintiff has served the wrong entity. Likely, this employment discrimination action should have been filed against the business that owns the hotel instead of the specific hotel where plaintiff works.[1]

The 120 days allowed to perfect service has long since expired. Fed. R. Civ. P. 4(m). By virtue of his in forma pauperis status, plaintiff is "entitled to rely on the court officers and the United States Marshals to

---

[1] Notably, plaintiff has not sought a default against the DeSoto Hilton.

effect proper service, and should . . . not be penalized for failure to effect service where such failure is not due to fault on [plaintiff's] part." *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). However, "'a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the *appropriate* defendant and attempt to remedy any apparent service defects of which plaintiff has knowledge.'" *Id.* (emphasis added) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)); *see also Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) ("dilatory conduct by the prisoner in supplying [the marshal with] identifying information flunks the good- cause requirement" of Rule 4(m)).

Because plaintiff is proceeding pro se, the Court will afford him one more opportunity to furnish sufficient information to the Marshal to allow service upon defendant before dismissing this action for failure to effect timely service. If plaintiff fails to provide an address where defendant may be served in response to this Order, then dismissal of the complaint will be appropriate under Rule 4(m). Accordingly, plaintiff is **DIRECTED** to provide a current address where service can be effected

upon defendant within 14 days of this Order. If plaintiff fails to provide the Court with this information, his complaint may be dismissed pursuant to Rule 4(m).

**SO ORDERED** this  22nd  day of March, 2012.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA