IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHARLIE CALVIN HOLMES, )
)
    Plaintiff, )
)
v. ) CASE NO. CV410-140
)
HILTON SAVANNAH DESOTO, )
)
    Defendant. )
)

# O R D E R

Before the Court is Plaintiff's employment discrimination action. Plaintiff is pro se and proceeding in forma pauperis. (Doc. 3.) For the following reasons, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case.

The Magistrate Judge—through numerous orders (Docs. 3, 6, 13)—has advised Plaintiff of his responsibility to actively pursue this case. The United States Marshal has both forwarded a request for waiver of service and personally served the named Defendant, yet Defendant has not responded. (Doc. 12.) As the Magistrate Judge previously suggested, the Court suspects that Plaintiff has served the wrong entity. (Doc. 13 at 1.) On March 22, 2012, Plaintiff was afforded an additional opportunity to "furnish sufficient information to the Marshal to allow

service upon [Defendant] before dismissing this action for failure to effect timely service." (Doc. 13 at 2.) Plaintiff has failed to provide the Court with this information.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant with a summons and a copy of the complaint within 120 days of filing the complaint. Upon failure to timely serve a defendant, the Court must dismiss "that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). This Court has previously ordered Plaintiff to furnish sufficient information to the Marshal to allow service upon Defendant (Doc. 13), a task Plaintiff failed to accomplish.

Because Plaintiff is proceeding in forma pauperis, he is "entitled to rely on the court officers and the United States Marshals to effect proper service where such failure is not due to fault [of Plaintiff]." Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990) However, Plaintiff "may not remain silent and do nothing to effectuate such service. At a minimum [Plaintiff] should request service upon the appropriate [Defendant] and attempt to remedy any apparent service defects of which [Plaintiff] has knowledge." Id. (emphasis added); see also Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990) ("dilatory

conduct by [Plaintiff] in supplying [the United States Marshal with] identifying information flunks the good-cause requirement" of Rule 4(m)). While Plaintiff is entitled to some protections as a pro se plaintiff proceeding in forma pauperis, it is neither the job nor the duty of this Court to litigate Plaintiff's case. Simply, after notice from the Court, Plaintiff did not timely provide a current address for Defendant where service can be effected. Pursuant to Federal Rule of Civil Procedure 4(m), this Court must dismiss the action. Accordingly, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 12th day of April 2012.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA